UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT J. WILLIAMS, JR.,

    Petitioner,

v.    Case No. 2:12-cv-244
    HON. GORDON J. QUIST

JEFF WOODS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Petitioner Robert J. Williams, Jr., filed this petition for writ of habeas corpus challenging his jury convictions for prisoner in possession of a controlled substance in violation of Mich. Comp. Laws §801.263(2) and delivery of marijuana in violation of Mich. Comp. Laws § 333.7401(2)(d)(iii). Petitioner was sentenced as a fourth habitual offender to concurrent terms of imprisonment of 34 months to 15 years and 34 months to 30 years. These sentences were to run consecutively to the 330 day jail sentence that Petitioner was serving for domestic violence. Petitioner committed the offenses while he was confined in the Berrien County Jail. Petitioner told a jail inmate that he could obtain marijuana and to let the other inmates know. That inmate informed a guard and a controlled buy was arranged, where Petitioner was observed trading marijuana for a candy bar. Respondent filed an answer and complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

    Petitioner alleges that:

    I. Where Petitioner was convicted of marijuana possession and delivery of marijuana, involving the same marijuana, the former

conviction must be vacated as in violation of the protection against double jeopardy. Petitioner seeks a clarification or modification of existing case law.

II. The great weight of the evidence presented by the prosecutor was insufficient to establish beyond a reasonable doubt that Petitioner was guilty of the crimes for which he was charged and convicted.

III. Trial counsel was ineffective for failing to challenge two jurors who knew Deputy Mata.

IV. The prosecutor denied Petitioner a fair trial and due process of law by presenting perjured witnesses to testify against him and counsel was ineffective for failing to properly impeach the witnesses.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the

Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

- 3 -

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that his convictions of prisoner in possession of a controlled substance and delivery of marijuana violate double jeopardy because the conviction arises out of the same marijuana. The Double Jeopardy Clause applies to both successive punishments and to successive prosecutions for the same criminal offense. *United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849 (1993). The Sixth Circuit restated the standard for a double jeopardy analysis:

> In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same elements" test, the double jeopardy bar applies. See, e.g., *Brown v. Ohio*, 432 U.S. 161, 168-169, 97 S. Ct. 2221, 2226-2227, 53 L.Ed.2d 187 (1977); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L.Ed. 306 (1932) (multiple punishment); *Gavieres v. United States*, 220 U.S. 338, 342, 31 S. Ct. 421, 422, 55 L.Ed. 489 (1911) (successive prosecutions). The same-elements test, sometimes referred to as the "*Blockburger*" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution.

509 U.S. at 696; 113 S. Ct. at 2856.

The Michigan Court of Appeals rejected this claim explaining:

> Through his appellate attorney, defendant contends that his convictions for possession and delivery arising from the single sale of marijuana violates his constitutional right to be free from double jeopardy. A criminal defendant is protected from being "twice put in jeopardy" for the same offense under both US Const, Am V and Const 1963, art 1, § 15. As a constitutional issue, we review a defendant's double jeopardy challenge de novo. *People v Ream*, 481 Mich 223, 226; 750 NW2d 536 (2008).
>
> Under the Michigan Constitution, a defendant is given "three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple

punishments for the same offense." *Id.* at 227, quoting *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). This case involves a "multiple punishments" issue as defendant challenges the court's duplicative sentencing for what he believes was one act.

The state is generally barred from imposing multiple sentences for the "same offense." However, "[w]here the Legislature does clearly intend to impose such multiple punishments, imposition of such sentences does not violate the Constitution, regardless of whether the offenses share the same elements." *People v Smith*, 478 Mich 292, 316; 733 NW2d 351 (2007) (internal quotations omitted). Absent such clear legislative intent to impose multiple punishments, this Court must determine whether the sentences were imposed for the "same offense" as defined by the test in *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 2d 306 (1932). *Smith*, 478 Mich at 315-316. The *Blockburger* "same elements" test "focuses on the statutory elements of the offense. If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Nutt*, 469 Mich at 576 (internal quotations omitted).

Defendant confuses the double jeopardy issue by structuring his appellate argument as if he was convicted of simple possession of marijuana. Defendant was actually convicted of being a prisoner in possession of a controlled substance in violation of MCL 801.263(2), which provides, "a prisoner shall not possess or have under his or her control any . . . controlled substance." To establish a defendant's guilt under MCL 801.263(2), the prosecution must prove (1) that the defendant was a prisoner who (2) possessed or controlled (3) a controlled substance.

Defendant was also convicted of delivery of less than five kilograms of marijuana in violation of MCL 333.7401(2)(d)(iii). The elements of delivery under this subsection are (1) the defendant delivered a controlled substance, (2) the controlled substance was marijuana or a mixture containing marijuana, (3) the defendant knew he was delivering marijuana, and (4) the delivery consisted of less than five kilograms of marijuana. See MCL 333.7401(1) and (2)(d)(iii); *People v Mass*, 464 Mich. 615, 638; 628 NW2d 540 (2001).

The statutory offenses in this case each possess an element not found in the other. To prove a charge of prisoner in possession, the prosecution must show that the individual was a prisoner. An individual need not be a prisoner to be convicted of delivery. Moreover, a person need not deliver a controlled substance to be a

> prisoner in possession. As "each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied," *Nutt*, 469 Mich at 576, and defendant's constitutional rights were not violated.

Michigan Court of Appeals at 3-4 (Docket #18). It is clear that Petitioner was charged with two separate and distinct crimes that could not violate double jeopardy. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that the verdict was against the great weight of the evidence. Petitioner fails to raise a constitutional issue in asserting this claim. This court does not weigh the evidence presented in a state criminal trial or make factual determinations. Rather, a habeas court analyzes issues involving constitutional claims or challenges based upon federal law that could apply in a state criminal trial. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, this portion of Petitioner's argument should be dismissed.

Similarly, it appears that Petitioner claims—that there is insufficient evidence to support his convictions—lack merit. The Michigan Court of Appeals rejected this claim:

> Defendant, through his Standard 4 brief, argues that his convictions are either against the great weight of the evidence or based on legally insufficient evidence. Specifically, defendant contends that his guilt cannot be established where the security footage fails to show any object passed from defendant to Bradley, the deputies were unable to see the actual transaction, and the deputies lost sight of Bradley for a few seconds on his route from 2-L to Deputy Mata following the transaction.

Defendant failed to request a new trial based on the great weight of the evidence, and therefore, this challenge is not preserved for appellate review. Generally, however, this Court would review such a challenge to determine if "the evidence preponderates heavily against the verdict and a serious miscarriage of justice" would occur if the conviction were allowed to stand. *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998). A defendant need not take any action to preserve a challenge to the sufficiency of the evidence. When reviewing a defendant's challenge to the sufficiency of the evidence, we review "the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 757; 597 NW2d 130 (1999). A prosecutor need not present direct evidence of a defendant's guilt. Rather, "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v. Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

The prosecutor presented sufficient evidence to prove that defendant delivered marijuana to Bradley. Bradley testified that, during the controlled buy, he handed defendant a candy bar and defendant handed him a small packet of toilet paper. Security video footage shows Bradley and defendant handing each other items through the cell bars, but the images were not clear enough to identify the items. Bradley walked away from the jail dormitory and was out of sight from Deputy Mata and the security cameras for a matter of seconds before he reached Deputy Mata's location. Bradley then showed the toilet paper packet to Mata. Deputies took that same toilet paper packet from Bradley and placed it into evidence. The substance found wrapped inside the toilet paper was forensically tested and proven to be marijuana. The deputies conducted a strip search of Bradley both before and after the exchange to ensure that he could not plant evidence. Moreover, Sampson testified to witnessing the transaction between defendant and Bradley right after defendant feverishly dug through his belongings, presumptively to find something (such as marijuana). Sampson further testified that defendant bragged to his dorm mates that he could acquire marijuana for them.

This evidence more than sufficiently links defendant to the marijuana given to Bradley on March 17, 2010. Similarly, if defendant passed the marijuana to Bradley, defendant must have possessed the marijuana before the transaction. We unhesitatingly reject defendant's suggestion that a prosecutor may only establish delivery of a controlled substance if a police officer directly views an illegal

- 7 -

> narcotics exchange and can identify the item from afar as a controlled substance. Accordingly, we affirm defendant's convictions based on the evidence presented at trial.

Michigan Court of Appeals at 4-5 (Docket #18).

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that Petitioner committed the crime. In the opinion of the undersigned, Petitioner's claim lacks merit. Moreover, the Michigan Court of Appeals decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; nor did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that his counsel was ineffective for failing to challenge two jurors who Petitioner claims knew witness Sheriff Deputy Mata. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*,

350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

> The Michigan Court of Appeal denied this claim explaining:
>
> In his Standard 4 brief, defendant attacks trial counsel's failure to challenge two jurors who, he purports, knew Deputy Mata. Defendant asserts that these jurors were then impaneled, resulting in a biased trial. We need not reach the substance of this challenge, however, as *these jurors were, in fact, dismissed from duty and were not selected to hear the trial*. Juror 19 indicated that he or she knew Mata, but had not seen him in years. Juror 25 indicated that he or she knew another Sheriff's deputy who was scheduled to be called as a witness during trial. Both of these jurors were excused prior to trial. *Accordingly, there is no error* for defendant to challenge in this regard.

Michigan Court of Appeals at 5 (Docket #18). Clearly, Petitioner's claim lacks merit as both jurors in question were excused before trial. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner argues that the prosecutor elicited perjured testimony and his trial counsel was ineffective for failing to properly impeach witnesses. Petitioner never presented this claim to the Michigan Court of Appeals and first raised this claim in his application for leave to appeal to the

Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. Petitioner claims that Deputy Mata and jailhouse informants perjured their testimony during trial.

In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). In order to establish a due process violation based upon the presentation of false or misleading testimony or evidence, a petitioner must show that the prosecutor knowingly elicited false material evidence. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). Mere inconsistencies in testimony fails to establish knowing use of false testimony. *Id.* As noted above, the Due Process Clause merely gives an accused person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Martinez*, 444 U.S. at 284, n.9. Petitioner has shown, at most, minor inconsistencies in the testimony. Petitioner had the opportunity to cross examine the witnesses and to have the jury weigh the credibility of the witness. Petitioner's assertion that his counsel failed to properly impeach

the witnesses, is not supported by the evidence. Therefore, in the opinion of the undersigned, this testimony did not violate due process.[1]

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

---

[1] Further, Petitioner never fairly raised this issue in the state courts. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner never presented this claim to the trial court on a motion for relief from judgment. Petitioner failed to present this claim on appeal to the Michigan Court of Appeals. Petitioner raised this claim for the first time in his application for leave to appeal to the Michigan Supreme Court.

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: June 16, 2015  /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE